UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVARO G. VELEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>TERESA A. VELEZ, et al.,<br><br>    Defendants. | Case No. 21-cv-08822-NC<br><br>**ORDER TO SHOW CAUSE** |

The parties are ordered to show cause as to why this case should not be dismissed for a lack of subject matter jurisdiction under the probate exception. In addition, plaintiff Alvaro Velez is ordered to provide an update on the status of service of the complaint and summons on defendant Teresa Velez.

I. Service of Summons

Plaintiff Alvaro G. Velez filed a Complaint against on Defendants for Partition for Sale of Real Estate Property on November 14, 2021. A summons was issued on November 16, 2021 to Defendants George M. Velez and Teresa A. Velez. Defendant George M. Velez answered the Complaint and filed a counterclaim on December 21, 2021. Teresa A. Velez has not appeared. Federal Rule of Civil Procedure 4(m) requires, in the absence of good cause shown, that a defendant be dismissed if not properly served within

90-days of the filing of a complaint.

Plaintiff must update the joint case management statement with an explanation of the status of service of complaint and summons on Teresa A. Velez by February 14, 2022.

II. Subject Matter Jurisdiction

A district court can have subject matter jurisdiction through federal question or diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. In his complaint, Plaintiff claims diversity jurisdiction. ECF 1 at 2. The Court, on its own motion, orders the Plaintiff to show cause as to why a cause of action for Partition for Sale of Real Estate Property is adequate to give rise to diversity jurisdiction, given the probate exception.

The probate exception is narrow. It "reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." *Marshall v. Marshall*, 547 U.S. 293, 311–12 (2006).

The case management conference scheduled for February 16, 2022 is moved to February 23, 2022 at 10:00 a.m. by phone. Plaintiff will file a response to the above two issues by February 14, 2022. Defendant will respond by February 22, 2022. No reply is permitted without further leave of the Court.

**IT IS SO ORDERED.**

Dated: February 7, 2022

_____
NATHANAEL M. COUSINS
United States Magistrate Judge