UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVARO G VELEZ,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>TERESA A VELEZ, et al.,<br><br>　　　　　Defendants. | Case No. 21-cv-08822-RS<br><br>**ORDER TO SHOW CAUSE** |

　　　　Plaintiff Alvaro Velez, an attorney admitted to practice in California and Ohio, filed this action in pro se against his brother George Martin Velez ("Martin"), who is an attorney licensed in California, and his sister Teresa Velez. The complaint seeks partition of residential real property the siblings inherited from their mother upon her death in November of 2012. A fourth sibling also inherited, but was bought out by the other three.

　　　　Teresa resided at the property for decades prior to her mother's death, and has continued living there through the present time. In a counterclaim for declaratory relief, Martin alleges that Alvaro told Teresa she could continue to live at the property for ten years following their mother's death—i.e., until at least November 27th of this year. Martin's counterclaim seeks only to postpone any partition until at least that date, and in the event the property is eventually sold, to recover for certain expenditures he allegedly has made to maintain it.

　　　　Teresa did not respond to the complaint. Alvaro brought a motion for default judgment against her. By order dated June 7, 2022, that motion was denied without prejudice, because

Teresa's default had not been sought or taken. Alvaro was encouraged to seek entry of default promptly, but not to reapply for default judgment prior to a settlement conference, to which the parties were also referred.

A pre-settlement conference call was scheduled by the assigned magistrate judge for June 27, 2022. Alvaro failed to participate, leading to cancellation of the settlement conference. Alvaro has never moved for entry of Teresa's default as instructed, and has not filed a case management conference statement in advance of the conference set for this week.

Accordingly, the Case Management Conference set for September 15, 2022, is vacated. In the event Alvaro still intends to pursue this action, within ten days of the date of this order he shall show cause why it should not be dismissed for lack of prosecution.[1] It may be that it has become clear defendants do not oppose partition after this November, in which case Alvaro may have reasonably concluded there is little point in seeking judicial relief, as any determination on the merits cannot issue significantly in advance of that time, even if a motion for summary judgment were filed immediately. If so, the parties likely should stipulate to dismissal of both the complaint and the counterclaims.

**IT IS SO ORDERED**.

Dated: September 12, 2022

RICHARD SEEBORG
Chief United States District Judge

---

[1] Dismissal of the complaint would appear to render the counterclaims moot, and also subject to dismissal, without prejudice to Martin's ability to claim expense reimbursement rights in any eventual sale.